IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CALVIN MAYS, JR., #150299,          )
                                    )
          Petitioner,               )
                                    )
v.                                  )    CIVIL ACTION NO. 2:12-CV-426-TMH
                                    )
                                    )
BOBBY BARRETT, et al.,              )
                                    )
          Respondents.              )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas

corpus relief filed by Calvin Mays, Jr. ["Mays"], a state inmate, on May 10, 2012.[1]  In this

petition, Mays challenges a conviction for felony murder imposed upon him by the Circuit

Court of Montgomery County, Alabama on June 24, 1999.  On August 24, 1999, the trial

court sentenced Mays as an habitual offender to life imprisonment for this conviction.

## DISCUSSION

A review of the records of this court establishes that Mays filed a previous habeas

---

[1] Although the Clerk received the petition on May 14, 2012, the law is well settled that a pro se
inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487
U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v.
Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  Mays certified he executed the petition on May 10, 2012.
*Petition for Habeas Corpus Relief - Doc. No. 1* at 8.  In light of the foregoing and for purposes of the
proceedings herein, the court considers May 10, 2012 as the date of filing.

petition pursuant to the provisions of 28 U.S.C. § 2254 in which he challenged the conviction made the basis of the instant petition. *Mays v. McDonnell, et al.*, Case No. 2:04-CV-968-WKW (M.D. Ala. 2006). In this prior habeas action, the court denied Mays relief from his 2009 Montgomery County felony murder conviction as he failed to file the petition within the one-year period of limitation established by 28 U.S.C. § 2244(d)(1).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). Although this court dismissed Mays' prior habeas action for his failure to comply with the one-year period of limitation, this dismissal constitutes an adjudication on the merits for the purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *Jordan v. Secretary, Dept. of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely); *Hutcherson v. Riley*, 468 F.3d 750,

755 (11th Cir. 2006) (after failed, untimely § 2254 petition, petitioner must "satisfy the requirements under 28 U.S.C. § 2244(b)" and receive requisite authorization from appellate court to file successive habeas petition in district court); *Murray v. Grenier*, 394 F.3d 78, 81 (2nd Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second of successive' petitions...."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (previous § 2254 petition dismissed as untimely constitutes a prior application adjudicated on the merits "because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the ... substantive claims[,]" and, therefore, the petitioner must receive the appellate "court's permission to file another petition."); *Garrett v. Quarterman*, 2008 WL 2168808 (N.D. Tex. 2008) (dismissal of previous habeas petition as untimely is the type of procedural ruling that renders later-filed habeas petition successive.); *Motley v. Sullivan*, 2008 WL 938952 (N.D. Cal. 2008) (when prior habeas petition is dismissed as untimely, petitioner must first obtain permission from appropriate appellate court prior to filing a second or successive petition); *Bridgewater v. Scriben*, 2007 WL 2262760 (S.D. Cal. 2007) (dismissal of prior habeas petition as untimely renders subsequent petition challenging same conviction second or successive); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C.D. Cal. 2003) (dismissal of petition on limitations

3

grounds "is considered an adjudication of the merits for purposes of determining whether a petition is successive under [28 U.S.C. § 2244(b)].").

It is clear from the pleadings filed herein that Mays has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Mays'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Id*. at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Calvin Mays, Jr. May 10, 2012 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Mays has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas

application.[2]

It is further

ORDERED that **on or before June 29, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

---

[2]The court notes that any habeas claims the petitioner seeks to present would again be subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "entitle [Mays] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay ... because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

down prior to the close of business on September 30, 1981.

Done this 15th day of June, 2012.


                              _____/s/Charles S. Coody_____
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE