IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN MAYS, JR., #150299, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-426-TMH |
| | ) |
| BOBBY BARRETT, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 15, 2012, this court entered a Recommendation that the petition for habeas corpus relief filed by the petitioner be dismissed as a successive petition in accordance with the provisions of 28 U.S.C. § 2244(b)(3). Specifically, the court determined that "Mays has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because this undertaking [is Mays'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief.' *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Id*. at 934." *Recommendation of the Magistrate Judge - Doc. No. 7* at 4, adopted as opinion of the court, *Order of August 10, 2012 - Doc. No.*

*11*. Final Judgement issued in this case on August 10, 2012. *Doc. No. 12*.

Mays filed an appeal of this decision with the United States Court of Appeals for the Eleventh Circuit. On December 11, 2012, the Eleventh Circuit issued its mandate denying the certificate of appealability finding that this court "correctly dismissed the instant, impermissibly successive § 2254 petition for lack of jurisdiction." *Doc. No. 16* at 2. The appellate court further determined that "[e]ven if Mays's § 2254 petition presents one of the permissible claims described in 28 U.S.C. § 2244(b)(2), he still must first seek permission from this Court to file a second or successive habeas petition in the district court. *See* 28 U.S.C. § 2244(b)(3(A)." *Id*. On April 24, 2013, the petitioner filed a motion for relief from judgment pursuant to Rule 60(b)(6), *Federal Rules of Civil Procedure*. Specifically, Mays argues that he is entitled to relief from the judgment entered herein as the claims presented in the petition entitle him to relief and he has not been afforded an evidentiary hearing by this court to present evidence that he did not commit the crime for which he was convicted.

Applicable federal law requires that "a movant seeking relief under Rule 60(b)(6) ... show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S.Ct. 2641, 2649 (2005) (citations omitted). The court has thoroughly reviewed the pleadings filed herein by Mays and the record of the instant habeas action. This court previously determined that it lacked jurisdiction to consider the claims for relief because Mays did not have the requisite order from the Eleventh Circuit authorizing

a review of the claims by this court. The Eleventh Circuit affirmed this determination and specifically advised that even if Mays presented claims permissible for review in a successive petition "he still must first seek permission from this Court to file a second or successive habeas petition in the district court." *Doc. No. 16* at 2. In light of the foregoing, it is clear that Mays has failed to set forth "extraordinary circumstances" justifying relief from the final judgment entered in this case.

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that the petitioner's motion for relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure be DENIED.  It is further

ORDERED that **on or before May 21, 2013**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of May, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE